UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIAN ROSA III and
JULISSA FERNANDEZ-ROSA,

Plaintiffs,

No. 25-CV-10211 (JPO)

-against-

MOUNT EDEN MOTORS, INC.,
RAY DARWISH, and MELI NUN,

Defendants.

**DEFAULT JUDGMENT**

**J. PAUL OETKEN**, District Judge:

This action having been commenced on December 9, 2025, by the filing of the Summons and Complaint; and

A copy of the Summons and Complaint having been served on Defendant MOUNT EDEN MOTORS, INC. on December 30, 2025, by personal delivery upon Anthony Burris, Authorized Agent in the Office of the New York Secretary of State, pursuant to N.Y. Bus. Corp. Law § 306 and Fed. R. Civ. P. 4(h)(1)(B), with proof of service filed on January 5, 2026 (ECF 12); and

A copy of the Summons and Complaint having been served on Defendant RAY DARWISH on December 29, 2025, by substituted service upon Salome Giraldo, a co-worker of Darwish at his actual place of business, pursuant to N.Y. C.P.L.R. § 308(2) and Fed. R. Civ. P. 4(e)(1), with proof of service filed on January 2, 2026 (ECF 11); and

A copy of the Summons and Complaint having been served on Defendant MELI NUN on December 29, 2025, by substituted service upon Salome Giraldo, a co-worker of Nun at his actual place of business, pursuant to N.Y. C.P.L.R. § 308(2) and Fed. R. Civ. P. 4(e)(1), with proof of service filed on January 2, 2026 (ECF 10); and

Defendants MOUNT EDEN MOTORS, INC., RAY DARWISH, and MELI NUN not having answered the Complaint, and the time for answering having expired; and

The Clerk of Court having entered a Certificate of Default against Defendant MOUNT EDEN MOTORS, INC. on March 10, 2026 (ECF 35); and

The Clerk of Court having entered a Certificate of Default against Defendant RAY DARWISH on March 10, 2026 (ECF 36); and

The Clerk of Court having entered a Certificate of Default against Defendant MELI NUN on March 10, 2026 (ECF 37); and

The Court having considered the Declaration of Brian L. Bromberg, the Declaration of Fabian Rosa III and Julissa Fernandez-Rosa, and the accompanying Memorandum of Law; it is hereby

**ORDERED, ADJUDGED AND DECREED** that Defendant MOUNT EDEN MOTORS, INC. is hereby held in default and that Plaintiffs have judgment against Defendant MOUNT EDEN MOTORS, INC. on liability for Counts I (Truth in Lending Act), II (Common Law Fraud), III (Rescission), IV (N.Y. Gen. Bus. Law § 349), V (Negligence Per Se), and VI (Gross Negligence and Intentional Infliction of Emotional Distress) of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant RAY DARWISH is hereby held in default and that Plaintiffs have judgment against Defendant RAY DARWISH on liability for Counts II (Common Law Fraud), IV (N.Y. Gen. Bus. Law § 349), V (Negligence Per Se), and VI (Gross Negligence and Intentional Infliction of Emotional Distress) of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant MELI NUN is hereby held in default and that Plaintiffs have judgment against Defendant MELI NUN on liability for Counts II (Common Law Fraud), IV (N.Y. Gen. Bus. Law § 349), V (Negligence Per Se), and VI (Gross Negligence and Intentional Infliction of Emotional Distress) of the Complaint; and it is further

**ORDERED** that the Down Payment Agreement addendum presented to Plaintiffs in connection with their purchase of a 2014 Subaru Forester (VIN JF2SJAEC9EH537359) from Defendant Mount Eden Motors, Inc. on July 3, 2025 is declared null and void and of no further force or effect; and it is further

**ORDERED** that Defendants, their officers, agents, employees, and all persons acting in concert with them, are enjoined from reporting to any consumer reporting agency that Plaintiffs failed to honor any loan agreement arising from the July 3, 2025 transaction at issue in this action; and it is further

**ORDERED** that an inquest shall be held before this Court to determine the amount of damages to be awarded against Defendants, including actual damages, statutory damages under the Truth in Lending Act, punitive damages, rescission and restitution, attorney fees and costs, and interest; and it is further

**ORDERED** that the date and time for the inquest shall be set by separate order of the Court.

Entry of final judgment will be deferred pending the inquest on damages.

The Clerk of Court is directed to terminate the motion at ECF No. 40.

SO ORDERED:
July 16, 2026

J. PAUL OETKEN
United States District Judge